**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JESSICA T. DEVIN,                                                CIVIL NO. 04-4555 RHK/AJB

        PLAINTIFF,

                                                **REPORT AND RECOMMENDATION ON**
V.                                                                                              **DEFENDANT'S SECOND AMENDED**
                                                      **MOTION TO DISMISS**

SCHWAN'S HOME SERVICES, INC.,

        DEFENDANT.

---

JAMES H. KASTER, ESQ., AND JESSICA H. CLAY, ESQ., FROM NICHOLS KASTER & ANDERSON, PLLP FOR THE PLAINTIFF JESSICA T. DEVIN.

KURT J. ERICKSON, ESQ., FROM MCCOLLUM, CROWLEY, MOSCHET & MILLER, LTD. FOR THE DEFENDANT SCHWAN'S HOME SERVICES, INC.

---

    **I.**      **INTRODUCTION**

This matter comes before the court, United States Magistrate Judge Arthur J. Boylan, on a motion by Schwan's Home Services, Inc. to dismiss Jessica Devin's claims under (1) Title VII of the Civil Rights Act of 1964, as amended (Title VII), (2) the Minnesota Human Rights Act (MHRA) and (3) Minnesota Equal Pay Act, Minn. Stat. § 181.67 (2004) (MEPA). SHS bases its argument on the allegation that it was not properly served prior to February 15, 2005 because the summons served on October 21, 2004 was unsigned and unsealed and named the wrong defendant. SHS argues that to the extend that the resolution of these issues revolve around the sufficient of process that occurred on October 21, 2004, SHS requests that the court strike the affidavit of the process server, Eric

1

Lappegard, or in the alternative, order discovery regarding the October 21, 2004 service of process. SHS also requests, based on the theory of improper service on October 21, 2004, that certain claims are time-barred. (Def. Revised Second Amended Notice of Motion and Motion to Dismiss.) The motion was referred to Magistrate Judge Arthur J. Boylan for a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B). The issues have been fully briefed and no hearing is necessary. This report and recommendation, therefore, is based on the record, all of the files therein, and the parties' memoranda to the court.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Jessica T. Devin (Devin) was hired to work for Schwan's Home Services, Inc. (SHS) as a route manager on January 6, 2003. On March 5, 2004, Devin filed a charge of discrimination with the Equal Opportunity Commission (EEOC) against her employer, who she listed as Schwan's Sales Enterprises, Inc. (SSEI). (Pl. Mem. at 2.) Schwan's Home Services, Inc. (SHS) replied to the charge in a letter to the EEOC. (Pl. Ex. E.) In a footnote to the letter, SHS informed that EEOC that Devin had named the wrong respondent. (Pl. Ex. E.) SHS explained that Devin's employer was SHS and that SSEI had been dissolved prior to Devin's hiring. (Pl. Ex. E.) According to Devin, she was not informed of this error. (Pl. Mem. at 2.) In the four page letter, SHS responded to Devin's allegations, denying any charge of discrimination based on sex, explaining that Devin had been treated the same as the male employees and that she had voluntarily left the employment of SHS because she had another employment opportunity and had not been satisfied with her salary, hours or duties. (SHS letter to EEOC at 4.)

The EEOC issued a right to sue notice on August 23, 2004 and the Minnesota Department of

Human Rights issued a right to sue letter on September 23, 2004. Devin's 90-day right to sue deadline based on her Title VII claims expired on November 22, 2004. Her 45-day right to sue deadline for the claims under Minnesota Human Rights Act (MHRA) expired on November 8, 2004. On October 21, 2004 Devin served a summons and complaint on SSEI (the October service).[1] On November 22, 2004, after having received no response from SSEI, Devin's counsel sent a letter to SSEI through its registered agent, CT Corporation Systems. (Pl. Mem. at 5.) In the letter, Devin's counsel requested a response from SSEI and informed SSEI that, failing a response, Devin would move for a default judgement. (Pl. Ex. 12.) On December 7, 2004, SSEI filed a Motion to Dismiss (Docket No. 2.) based on insufficiency of process and service of process and misidentification of Devin's employer. (Def. Mem. at 1.) Based on the information provided by SHS in its motion to dismiss and accompanying memorandum, Devin requested that the court allow her to amend her complaint to name the proper defendant. (Pl. Mem. at 6.) On January 10, 2005, this court granted Devin's motion to amend. (Docket No. 28.) On January 18, 2005, Devin filed an Amended Complaint with the court correctly naming the defendant as SHS. (Docket No. 29.) Devin served SHS with an Amended Complaint and Summons on the same day. (the January service) (Pl. Mem. at 6.) On February 7, 2005, SHS filed a Motion to Dismiss the civil action on the basis of insufficiency of process and service of process. (Def. First Amended Notice of Motion and Motion to Dismiss, dated February 2, 2005, Docket No. 31.) SHS contended that service of the amended complaint and amended summons was ineffective when SHS had never been served the original complaint and original summons. (*Id*.) Based

---

[1]     The sufficiency of this service is at issue and will be discussed below.

on SHS's February 2, 2005 motion, Devin served SHS with the copies of the original complaint, original summons, amended complaint, and amended summons on February 15, 2005. (the February service) (Pl. Mem. at 1.) Defendant SHS now brings Defendant's Second Amended Motion to Dismiss. (Docket No. 41.)

### III. ISSUES

The issues as presented by SHS are as follows:

1. Whether the Title VII claims in the Amended Complaint should be dismissed with prejudice because no charges of discrimination were filed with the EEOC against SHS;

2. Whether the Title VII claims in Devin's Amended Complaint should be dismissed because the claims were brought more than 300 days after Devin was discharged from employment by SHS;

3. Whether the Devin's claims under the MHRA should be dismissed as time-barred because Devin failed to serve SHS with process within the 45-day statutory time period required under the act;

4. Whether Devin's claim under MEPA should be time-barred as to any claims arising before February 14, 2005; and

5. Whether there was sufficiency of service on October 21, 2004.

(Def. Mem. at 6-7.)

### IV. THE STANDARD OF REVIEW FOR SHS'S MOTION TO DISMISS

SHS requests that Devin's claims under Title VII, MHRA, and portions of her claims under MEPA be dismissed with prejudice due to insufficiency of process and process of service. (Def. Mem.

4

at 7.) The Federal Rules of Civil Procedure allow a motion to brought for insufficiency of service under Rule 12(b)(4) and insufficiency of process under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b). In addressing a motion to dismiss based on Rule 12(b)(4) and 12(b)(5) the court necessarily must review affidavits outside the pleadings. *See* 5B Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1353 (2004). Reviewing such affidavits does not revert the motion to a motion for summary judgement. *See id.*, Fed. R. Civ. P. 12(b). The majority of SHS's allegations rest on the sufficiency of the October 21, 2004 process and process of service. These claims shall be reviewed under the standard on a motion to dismiss under Rule 12(b)(4) or 12(b)(5). The argument asserted by SHS that Devin failed to exhaust her administrative remedies shall be addressed as a motion brought under Rule 12(b)(1), lack of subject matter jurisdiction. Under 12(b)(1), as in motion brought under Rules 12(b)(4) and 12(b)(5), the court may review evidence outside the pleadings without converting the motion to one under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

    **V.**    **DISCUSSION**

There are two basic issues in this case. The first, the sufficiency of the October 14, 2004 process and service of process, is key to several arguments and alternative arguments presented by defendant. The second, the effect of Devin having named the incorrect defendant in her discrimination charge to the EEOC and in her initial summons and complaint to the district court, mainly relates to SHS's arguments of timeliness and exhaustion of rememdies.

    A.    *The Sufficiency of the October 14, 2004 Process and Service of Process*

        i.    *The Parties' Factual Allegations*

Devin contends that service of process was properly completed on October 21, 2004. Devin

5

states that on the morning of October 21, 2004, a legal assistant to her counsel prepared a package to be delivered by Metro Legal Services (Metro Legal) to the Clerk of Court to obtain a summons to serve SSEI.  In the package was a cover letter, a blank unsigned summons and a complaint.  According to Devin, it was common practice for the legal assistant to attach a blank summons to the complaint.  (Pl. Mem. at 3.)  A messenger from Metro Legal picked up the package of material and submitted the documents to the Clerk's office at the United States District Court, District of Minnesota, Minneapolis courthouse.  (*Id*.)  A summons was issued by the Clerk of Courts later that day.  (Pl. Mem. at 4.; Docket Entry on October 21, 2004.)  Metro Legal retrieved the summons from the court and returned it to their Service of Process Department.  (Pl. Mem. at 4.)  Scott Gray, Vice President and Operations Manager of Metro Legal, prepared a package of materials to be served on SSEI.  In the package, Gray placed the cover letter and a photocopy of the issued summons along with the complaint.  (*Id*.)  Although his usual protocol was to remove the blank summons included by the legal assistant, Gray does not recall whether he did so on that particular day.  (*Id*.)  Eric Lappegard, the process server, delivered the prepared package to CT Corporation Systems at 4:11 p.m.  (*Id*.)  Based on this recitation of the facts, Devin contends that the process and service of process were proper.

SHS contends that on October 21, 2004, Devin delivered an unsigned and unsealed summons and a signed complaint incorrectly identifying SSEI as Devin's employer to CT Corporation Systems.  SHS contends that it did not receive a signed or sealed summons on that day.  SHS argues that it was not properly served until February 15, 2005, when it received copies of the original summons and complaint and the amended summons and complaint.  Thus, SHS contends, for purposes of statutory time limits, the matter did not commence until February 15, 2005.

### ii. The Parties' Legal Arguments

SHS argues that the civil case should be dismissed or in the alternative, certain portions of Devin's state claims should be timed barred because the process and service of process were fatally flawed. (Def. Mem. at 7.) SHS states that Devin has presented contradictory positions on the issues of service. (Def. Mem. at 2.) SHS also states that Devin has admitted that the October 14 service was flawed and ineffective and that the amended complaint and amended summons served on February 15, 2005, were the initiation of a new lawsuit against a new defendant.[2] (Def. Reply Mem. at 11.) SHS argues that because the October 14 service was ineffective, Devin claims as to the MHRA, Title VII, and certain portions of her claim under the MEPA are time-barred and should be dismissed. (Def. Mem. at 8-9.)

Devin argues that the original complaint and summons were properly served on October 21, 2004 and thus no claims are time barred. (Pl. Mem. at 8.) Devin argues in the alternative that, if the court finds that the October process and service of process were not sufficient, the mistakes were merely technical and the motion to deny should be dismissed. (Pl. Mem. at 10-12.)

### iii. Analysis

Under the Federal Rules of Civil Procedure, a plaintiff commences an action in district court by filing the complaint with the district court. Fed. R. Civ. P. 3. Within 120 days of the filing, the plaintiff

---

[2]   There is no support for SHS's contention that Devin's position regarding service have been contradictory. Devin has consistently argued that the original complaint and summons were properly served on October 21, 2004. (Pl. Mem. at 3.) In addition, the court does not view Devin's reserving SHS on February 15, 2005 as an admission that the original service was ineffective, as the February 15 service was conducted in response to defendant's allegations that the January 18, 2005 service with respect to the amended complaint was ineffective.

7

must then serve on the defendant the complaint together with a summons signed by the clerk and bearing a seal of the court. Fed. R. Civ. P. 4. If service or process of service is insufficient, a defendant may move the court to dismiss the action. Fed. R. Civ. P. 12(b)(4) & 12(b)(5). On a motion to dismiss brought under Fed. R. Civ. P. 12(b)(4), insufficiency of process, or 12(b)(5), insufficiency of process of service, the plaintiff must establish prima facie evidence that there was sufficient process and service of process. *Northrup King Co. v. Compania Productora Semillas Algodoneras*, 51 F.3d 1383, 1387 (8th Cir. 1995). A prima facie case is "[t]he establishment of a legally required rebuttable presumption" or where "[a] party's production of enough evidence [allows] the fact-trier to infer the fact at issue and rule in the party's favor." Black's Law Dictionary 1228 (8th ed. 2004). In addition, when the plaintiff has substantially complied with the requirements of Fed. R. Civ. P. 4,[3] the mistake was inadvertent, and the defendant has not been prejudiced by the mistake,

---

[3] Under Fed. R. Civ. P. 4:

(a) The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

* * *

(c)(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed. R. Civ. P. 4(a) & 4(c)(1).

8

service may be found to be effective and a motion to dismiss denied.  5B Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1354 (2004).

Devin has supplied affidavits that support her contention that a signed summons and complaint were delivered to CT Corporations on October 21, 2004.  SHS is correct, however, in noting that questions have arisen regarding these affidavits as to the affiant's personal knowledge.[4]  Nevertheless, even striking the portions of the Lappegard affidavit that is not supported by personal knowledge, as SHS claims are inappropriate under summary judgment standard, Devin has presented sufficient evidence to support a prima facie case of sufficiency of service.  A complaint was filed on the afternoon of October 21, 2004 with the Clerk of Courts.  Gray has attested that he included a signed affidavit in the package that was given to Lappegard to deliver.  Lappegard has attested to the fact that he delivered the package Gray had complied to CT Corporation.  The usual practice averred to by Devin's counsel that a blank summons is by practice included with the paperwork submitted to Metro Legal explains SHS's possession of an unsigned, unsealed summons.  Thus, Devin has presented sufficient evidence that allows this court to rule in her favor.

Even if SHS's allegations were true, the delivery of an unsealed and unsigned summons would be merely a technical error that was inadvertent and caused no prejudice to SHS.  Cases cited by SHS

---

[4] In noting this, SHS has requested that the court strike the affidavit of Lappegard. (Def. Mem. at 16.)  SHS basis this request on the allegation that certain statements in the Lappegard affidavit are not based on personal knowledge.  (*Id*.)  This court finds SHS's allegations are not sufficient reason to strike potions of the affidavit, but that these alleged deficiencies will affect the weight that the court will afford the affidavit testimony.  *See Palandjian v. Pahlavi*, 586 F.Supp. 671, 677 (D. Mass. 1984).  Even if the court were to strike the affidavit requested by SHS, it would not change the conclusions or recommendation of the court.

9

for the proposition that an unsigned summons precludes effective delivery and necessitates dismissal of the claims, either do not support that contention or are distinguishable from the circumstances of the case at hand.  In *In re Valeu*, 53 B.R. 549, 553 (Bankr. D. N.D. 1985), although the court noted that the court had discretion to dismiss a case based on a defective summons, the court concluded "that any abuse of process arising from use of an improper summons was cured by the Plaintiffs' subsequent service of an official Summons with a copy of their Complaint."  The court observed that plaintiffs had demonstrated a good faith effort to comply with the rules and effectuate proper service and had not been trying to harass or maliciously disturb the defendants.  *In re Valeu*, 53 B.R. at 553.

In *Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F. Supp. 1348, 1359 (S.D.N.Y. 1982), the court noted that "in exercising discretion under this [Rule 4] a court should consider whether the plaintiff's blunder resulted from innocent mistake or inexcusable neglect."  In *Gianna Enterprises*, the court states that "the plaintiff has evidenced a consistent disregard for legal requirements, both procedural and substantive."  *Gianna Enter.*, 551 F. Supp. at 1359.  The court concluded that the claims should be dismissed because "counsel's conduct was the product of a sloppy disregard for federal requirements, making the rule's enforcement appropriate."  *Id.*

There are no published Eighth Circuit cases that directly address the sufficiency of the service of an unsigned, unsealed summons.  In an unpublished case from this district, the district court concluded that, in a similar circumstance as the present case, service was effective despite the service of an unsigned, unsealed summons with the complaint.  *See Anderson Windows, Inc. v. Delmarva Sash and Door Co.*, No. CIV. 02-74 DWF/AJB, 2002 WL 1424570 at *3 (June 28, 2002 D. Minn.).  The court indicated that, absent prejudice to the defendant, an unsigned unsealed summons was merely

10

a technical violation of the Rule 4 which would not preclude effective service. *Id*.

Here, even if the summons had been delivered unsigned and unsealed, the error would have been merely technical that would have ben cured by the subsequent service of the proper service of process. Devin has made a good faith effort to comply with the rules. There has been no blatant disregard by Devin for the procedural rules of this court, and Devin acted promptly to correct any alleged mistakes as soon as she was made aware of SHS's complaints concerning service. The complaint clearly listed the identity of the plaintiff involved in the case, the name of plaintiff's counsel, and the court in which the matter was brought. In addition, the complaint and summons were accompanied by a letter explaining how Devin's counsel could be reached regarding questions about the matter. The documents were delivered to the agency with authority to receive service for the defendant. Thus, even if the summons was technically deficient due to the lack of the proper signature and seal, the mistake would have been an innocent mistake, service substantially complied with the requirements under the rules, and there was no prejudice to SHS.

Accordingly, the court concludes that (1) Devin has presented prima facie evidence that CT Corporation was properly served with a complaint and a signed and sealed summons and (2) even if there had been a defective summons included with served on SHS, the service could still be considered effective.[5]

---

[5] Even if the court were to find that the October service was ineffective, the February service would be sufficient to support Devin's federal claims. Under the Federal Rules of Civil Procedure, an action is commenced upon the plaintiff filing a complaint with the court. Fed. R. Civ. P. 3. In this case, Devin filed the complaint with the district court on October 21, 2004, before any statutory deadlines had passed. After filing a complaint with the court, the plaintiff has 120 days in which to serve the defendant. Here, there is no dispute that proper service was affected at the latest on

B.      *Devin's Title VII Claims*

i.      *SHS' Contentions Regarding Timeliness and Exhaustion*

SHS contends that Devin's Title VII claims should be dismissed because the claims are time-barred based on the January 18, 2005 filing date of the amended complaint. (Def. Mem. at 9.) SHS contends that January 18 is outside of the 90 day period allowed pursuant to the right to sue letter issued to Devin by the EEOC on August 23, 2004.

ii.     *Analysis of Timeliness of Service*

The October service was well within the 90-day time period required under title VII. Because the courts find that the October 21, 2004 service was effective, the argument asserted by SHS has no merit. However, even if the court were to a have concluded that the October 21, 2004 was not effective, SHS's argument would be unavailing. Although the amended complaint was not filed until January 18, the original complaint was filed within the time allotted by the right to sue letter. Under the Federal Rules of Civil Procedure, when a complaint has been amended to correct a misnomer or to add the name of another defendant, under certain circumstances, the amended complaint is said to relate back to the original complaint for purposes of statutory time limitations. According to Fed. R. Civ. P. 15(c), the amended complaint relates back to the original complaint if the claim arises out of the same transaction, conduct, or occurrence as set forth in the original complaint and, within the 120 day time period set out under Fed. R. Civ. P. 4(m), the party brought into the action by the amendment (1) has received such notice of the commencement of the action that the party will not be prejudiced in any

---

February 18, 2005, which falls within the 120-day time period.

12

defenses on the merits of the action and (2) knew or should have known that, but for the plaintiff's mistake in naming the incorrect party, the action would have been commenced against that party brought in by the amendment. Fed. R. Civ. P. 15(c)(3).

Here, Devin has demonstrated that all the necessary circumstances are present. First, the amended complaint only alters that name of the defendant. Therefore, the identical allegations in the amended complaint arise out of the same occurrences in the original complaint. Second, SHS was served the amended complaint within the 120 day time period and thus, received sufficient notice so as to not prejudice its presentation of a defense. Finally, SHS knew that Devin had mistakenly named the wrong party during the administrative process and would have been aware of the mistake when David Paskach, General Counsel for The Schwan Company, received the October service from CT Corporation. *See* Pl. Ex. 23 and Service of Process Transmittal Form. Thus, Devin's amended complaint relates back to the original complaint for purposes of tolling any statutory deadline. The filing on October 21, 2004 falls clearly within the allotted time period.

### iii.    Analysis of Exhaustion of Administrative Remedies

SHS's claim that Devin failed to exhaust her administrative remedies is equally unavailing. SHS contends that because Devin's Charge of Discrimination named EESI, Devin has not exhausted her administrative remedies against SHS.[6] Generally, a plaintiff must have filed a charge of discrimination with the EEOC against a party prior to bringing a civil action under Title VII. *Sedlacek v. Hach*, 72 F.2d 333, 336 (8th Cir. 1985). "[T]he purpose of the filing requirement is to give notice to the

---

[6] Considering that SHS responded to the discrimination charge with a four page letter addressing all of Devin's allegations, this arguments seems disingenuous.

employer and to give the employer an opportunity to voluntarily comply with Title VII." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985). The Eighth Circuit, however, has long recognized certain exceptions to the general rule in order to avoid frustration of the purpose of Title VII by not requiring unnecessarily strict compliance with the statutory procedure in filing a charge of discrimination. *Sedlacek*, 72 F.2d at 336, *Greenwood*, 778 F.2d at 451. Thus, "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Greenwood*, 778 F.2d at 451.

The exceptions recognized by the Eighth Circuit are (1) when the party not named in the EEOC charge had adequate notice and opportunity to participate in the EEOC procedure and (2) when there is a substantial identity between the named party and the unnamed party. *Sedlacek*, 72 F.2d at 336. The Eighth Circuit has concluded that when there is substantial identity between the parties, notice to one can be considered notice to the other. *Id.* The court has observed in *Sedlacek* that "[a]ggrieved complainants should not be charged with the knowledge of the ofttimes intricate legal corporate relationships between closely held operating units." *Id.*

Here, the circumstances support both exceptions. When Devin was first employed by SHS, she signed several forms that identified SSEI as the employer and received the employee handbook for SSEI employees. In addition, when SSEI was dissolved, all of SSEI assets were distributed to SHS. When CT Corporation forwarded the original complaint naming SSEI as the defendant, it was sent to the managing attorney for The Schwan Food Company. One attorney represents the interest of The Schwan Food Company's subsidiaries. Both SHS and SSEI are or were a subsidiary of The Schwan Food Company. Under these circumstances, there is substantial identity between SHS and SSEI and

14

notice to one would have been notice to the other. *See Sedlacek*, 72 F.2d at 336.

Additionally, SHS not only had notice of the charge of discrimination, but also actively participated in the administrative process by denying all of Devin's claim in a lengthy letter to the EEOC. Thus, SHS had adequate notice and the opportunity to participate in the EEOC procedure. Accordingly, the court finds that Devin fully exhausted the EEOC administrative remedies against SHS.[7]

### C.     *Devin's MHRA Claims*

SHS next contends that, based on the February 15, 2005 service of the amended complaint, Devin's right to sue under the MHRA is time barred. (Def. Mem. at 10.) Devin contends that the October 21, 2004 service was proper, and even if it were not, the defect was a mere technicality that should not result in ineffective service or in the alternative, the MHRA time limitation should be equitably tolled. (Pl. Mem. at 9-13.)

SHS's argument has not merit based on the sufficiency of the October 21, 2005 service. However, even if the court were to have found the October service ineffective, SHS's argument would still fail. Under the circumstances present in this case, the doctrine of equitable tolling would be available for Devin to support the tolling of the statutory limitation even if the October service had been insufficient.

A claim under the MHRA must be brought within 45-days of the issuance of the right to sue

---

[7]     SHS also claims that Devin failed to file her complaint with the EEOC against SHS within the 300 day timer period as required under 42 U.S.C. § 2000e-5(f). (Def. Mem. at 8.) Because the court finds that there was substantial identity between SHS and SSEI, this argument is unavailing.

letter when, as in this case, the Commissioner has decided the further use of the departments resources are not warranted. Minn. Stat. 363A.33, subd. 1(1) (2004). Minnesota courts have held that the time limits imposed under the MHRA do not pertain to the jurisdiction of the court. *Ochs v. Streater, Inc.*, 568 N.W.2d 858, 860 (Minn. Ct. App. 1997); *Jones v. Consolidated Freightways Corp.*, 364 N.W.2d 426, 429 (Minn. Ct. App.1985). Courts can, therefore, apply equitable remedies to a plaintiff's failure to meet the statutory deadline. *Ochs*, 568 N.W.2d at 860, *Jones.*, 364 N.W.2d at 429.

The equitable doctrines that are applied in the tolling of statute of limitations are the doctrines of waiver, estoppel, and tolling. *Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002). "These equitable doctrines allow us to honor [the anti-discrimination law's] remedial purpose without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Id.* (noting equitable remedies available in Title VII cases) (Internal quotation marks omitted.). There is no dispute in this case that the doctrines of waiver and estoppel do not apply. (Pl. Mem. at 13, Def. Mem. at 12.) These two doctrines focus on the actions of the defendant. Waiver is when the defendant voluntary relinquishes or abandons the right to the defense based on the running of the statute of limitations. Equitable estoppel is when the defendant "affirmatively and actively takes action that causes the [plaintiff] not to timely file her suit." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005).

Equitable tolling, however, focuses on the actions of the plaintiff. The doctrine of equitable tolling "tolls the limitations period when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." *Henderson*, 403 F.3d at 1033 (Internal quotation

marks omitted.).  The Eighth Circuit has cautioned that equitable tolling should not be afforded to a plaintiff who fails to exercise reasonable diligence.  *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998).  "As a general rule, equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff."  *Id.* at 797-98.  *Accord,* Black's Dictionary 579 (8th ed. 2004) (the requirements for equitable tolling are "(1) timely notice to the defendant; (2) no prejudice to the defendant; and (3) reasonable and good-faith conduct on the part of the plaintiff.").

     Here, even if the court were to have found that the October service was ineffective, Devin would have been allowed to equitably toll the time limitations imposed by statute.  Devin had no reason to believe that the service of the summons was anything but sufficient; a complaint was filed, a summons was issued, and a certificate of service was returned and filed with the court.  When Devin's counsel contacted SSEI/SHS concerning the lack of response to the complaint and summons, SHS declined to reply.  Devin was not aware of the dispute regarding service until SHS filed its initial motion to dismiss and accompanying memorandum with the federal district court on December 7, 2004, well beyond the allowed 45 day period under the MHRA.  Even if Devin had immediately re-served SHS, the statutory period would have been expired.

     Thus, this court concludes that these circumstances result in the rare instance when equitable tolling is proper.  SHS would not have been prejudiced by lack of notice, plaintiff was diligent in pursuing her claims and following court procedures, and Devin had no control over knowing that issues were present regarding the sufficiency of service.  Accordingly, even if the court were to have found that the October service was ineffective, Devin's MHRA claims would not be time-barred.

### D.  *Devin's Claim Under MEPA*

Under Minnesota law, an employer may not discriminate between employees on the basis of sex by paying wages to employees at a rate less than the rate the employer pays to the employees of the opposite sex for equal work.  Minn. Stat. § 181.67, subd. 1 (2004).  If an employee sufficiently demonstrate a violation of section 181.67, then that employee may receive "the amount of unpaid wages to which the employee is entitled for the one year period proceeding the commencement of the action."  Minn. Stat. § 181.68 (2004).  Because the court has determined that the October service was sufficient, SHS's argument to limit the recovery allowed under the MEPA is without merit.

## VII.  CONCLUSION AND RECOMMENDATION

Based on the court finding that the October 21, 2004 filing date was effective, Devin's federal and state claims are not time barred.  Even if the court were to find that the October service was ineffective, the federal claims would not be barred because the February service was within the 120 day time period allotted for service and Devin's MHRA claims would not be time barred because Devin is allowed to equitable toll the time limitation imposed by the state statute when SHS had actual knowledge of the suit.  In addition, even though SHS was not named in the Charge of Discrimination with the EEOC, because SHS had actual notice of Devin's Charge, participated in defense of the claims, and has substantial identity with SSEI, Devin has exhausted her administrative remedies against SHS.

Based on the record and the information therein, the memoranda of counsel, and supported by the foregoing discussion, this court **HEREBY RECOMMENDS** that SHS's Second Amended Motion to Dismiss [Docket No. 40] be **denied**.

Dated: May 20, 2005

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **June 3, 2005.**